UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA ANNE ANDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-2097** |
| **ENTERGY CORPORATION ET AL.** | **SECTION "H"** |

### ORDER AND REASONS

    Before the Court are Plaintiff Melissa Anne Anderson's Motion for Default Judgment (Doc. 21) and Defendant Karen Orso Anderson's Motion to Set Aside Default (Doc. 22). For the following reasons, Plaintiff's Motion is **DENIED**, and Defendant's Motion is **GRANTED**.

### BACKGROUND

    This matter arises from a dispute regarding the proper beneficiary of an 401(k) plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff Melissa Anne Anderson filed this action on October 7, 2025 and served Defendant Karen Orso Anderson on October 17, 2025. Defendant's answer was therefore due on November 7, 2025. When Defendant failed to file an answer or otherwise appear in this matter, Plaintiff moved for the entry of default, and the Clerk of Court entered default on November 12, 2025. On November 17, 2025, Defendant appeared and filed a motion to dismiss. Plaintiff moved for default judgment on November 18, 2025, and Defendant moved to set aside the entry of default the following day. Neither party has

1

filed an opposition to the other's motion. Those Motions are now before this Court.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." To determine whether "good cause" has been shown, a district court should consider (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented.[1] These factors, however, are not "talismanic" and the Court may consider others such as whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default."[2] In deciding a Rule 55(c) motion, this Court is mindful that default judgments are generally disfavored by the law and that any doubt should be resolved in favor of the movant.[3]

## LAW AND ANALYSIS

The balance of Rule 55(c) factors weighs heavily in favor of setting aside default in this matter. First, the default does not appear to be willful. Defendant's failure to timely answer the lawsuit was due to difficulties obtaining counsel in New Orleans from her home in Alabama. Second, Plaintiff will not suffer any prejudice in setting aside default. There is no trial date set

---

[1] Lacy v. Sitel Corp., 277 F.3d 290, 292 (5th Cir. 2000).
[2] Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992).
[3] *See Lacy*, 277 F.3d at 292.

2

in this matter, and no discovery has taken place. Defendant's responsive pleading was filed only ten days after her deadline to appear, and other defendants received extensions on their deadlines to file responsive pleadings. Finally, the Court notes that Defendant has raised a valid defense in her Motion to Dismiss.

In sum, the Court finds that the default was not willful, that Defendant acted quickly to remedy the default, that Plaintiff will not be prejudiced by setting aside the default, and that Defendant can present a meritorious defense. Given the foregoing, there can be no doubt that Defendant has established the good cause necessary under Rule 55(c). Accordingly, the entry of default against Defendant Anderson shall be set aside.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**, Defendant's Motion is **GRANTED**, and the entry of default against Kelly Orso Anderson is set aside.

New Orleans, Louisiana this 2nd day of March, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**