## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MELISSA ANNE ANDERSON**                  **CIVIL ACTION**

**VERSUS**                                 **NO: 25-2097**

**ENTERGY CORPORATION ET AL.**             **SECTION "H"**

### ORDER AND REASONS

Before the Court are Defendant Karen Orso Anderson's Motion to Dismiss (Doc. 19); Defendant Savings Plan of Entergy Corporation and Subsidiaries and Entergy Employee Benefits Committee's Motion to Dismiss (Doc. 25); and Defendant T. Rowe Price Retirement Plan Services, Inc.'s Motion to Dismiss (Doc. 27). For the following reasons, the Motions are **GRANTED**.

### BACKGROUND

This matter arises from a dispute regarding the proper beneficiary of a 401(k) plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). The facts are largely undisputed. Plaintiff Melissa Anne Anderson is the ex-wife of the deceased, Shannon Anderson. Defendant Karen Orso Anderson was Mr. Anderson's wife of four months at the time that he died. Prior to his death, Mr. Anderson was employed by Entergy Services, LLC and participated in the Savings Plan of Entergy Corporation and Subsidiaries, a tax-qualified 401(k) plan governed by the Internal Revenue Code and ERISA ("the Plan"). Defendant Entergy Employee Benefits Committee ("the

1

Committee") is the Plan administrator. At the time of Mr. Anderson's death, Plaintiff was listed as the beneficiary to his Plan account. However, the express terms of the Plan document provide that "in the event a Participant or former Participant is married, such Beneficiary shall be deemed to be the Participant's or former Participant's surviving spouse."[1] It further states that designation of a beneficiary other than the surviving spouse "shall not be effective unless such surviving spouse provides written consent which acknowledges the effect of such election and is witnessed by a Plan representative or a notary."[2] In addition, the beneficiary form that the decedent executed naming Plaintiff as his beneficiary during their marriage reiterated this point and expressly stated that: "If you become married or marry a different person after you sign this form, be sure to update this form because a later marriage will automatically revoke your prior beneficiary designation."[3] In light of these express terms, the Plan administrator deemed Defendant Karen Orso Anderson, the decedent's surviving spouse, beneficiary under the Plan. Defendant Karen Orso Anderson declined to consent in writing to waive her acceptance of the funds in favor of another beneficiary. Accordingly, the Plan administrator distributed the balance of decedent's Plan account to Defendant Karen Orso Anderson.

Plaintiff filed a claim for benefits under the Plan, asserting that she is the rightful beneficiary. The Plan administrator denied Plaintiff's claim for benefits, and her subsequent appeal of that decision was also denied. Plaintiff filed this *pro se* action on October 7, 2025 naming Karen Orso Anderson, the

---

[1] Doc. 25-2 at 8.

[2] *Id.*

[3] Doc. 25-4.

Plan, the Committee, and T. Rowe Price Retirement Plan Services, Inc. ("T. Rowe") as defendants.[4] She asserts claims under ERISA and state tort law and seeks compensatory and punitive damages. She also asks the Court to require that the Energy Savings Plan be amended and that the appeals process be revised. Defendants have filed three motions to dismiss, asserting similar arguments for dismissal of Plaintiff's claims against them. Plaintiff opposes.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[5] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[7] The court need not, however, accept as true legal conclusions couched as factual allegations.[8] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[9] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[10] The court's review is limited to the

---

[4] Although Plaintiff's Complaint initially named Entergy Corporation as a defendant, Plaintiff filed an Amended Complaint correctly identifying the Entergy defendants.

[5] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[6] *Id.*

[7] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[8] *Iqbal*, 556 U.S. at 678.

[9] *Id.*

[10] *Lormand*, 565 F.3d at 255–57.

complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[11]

## LAW AND ANALYSIS

Defendants ask this Court to dismiss Plaintiff's ERISA claims and state law tort claims. The Court will consider each in turn.

### A. ERISA Claims

Plaintiff's claim under ERISA is best characterized as a claim for wrongful denial of benefits pursuant to Section 502(a)(1)(B).[12] Section 502(a)(1)(B) "provides a private right of action for persons alleging entitlement to benefits, or seeking to enforce or clarify rights, pursuant to the terms of an ERISA plan."[13] "A denial of benefits under an ERISA plan is reviewed either de novo or, where the plan delegates discretionary authority to an administrator or fiduciary to determine eligibility for benefits or to interpret the terms of the plan, for an abuse of discretion."[14] The Plan at issue here grants the fiduciary discretionary authority, and therefore this Court reviews Plaintiff's claim under an abuse of discretion standard.[15]

At the outset, the Court considers whether Plaintiff can properly assert an ERISA claim against each of the Defendants. In the Fifth Circuit, a denial of benefits claim under ERISA is appropriate against the plan itself and "the party that controls administration of the plan."[16] According to the Plan,

---

[11] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[12] 29 U.S.C. § 1132(a).

[13] Perdue v. Burger King Corp., 7 F.3d 1251, 1254 (5th Cir. 1993).

[14] *Id.*

[15] Doc. 25-2 at 71–72.

[16] LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc., 703 F.3d 835, 845 (5th Cir. 2013).

the Committee has "all powers and authority" to administer the Plan and resolve all questions of eligibility for benefits.[17] Accordingly, Plaintiff's ERISA claim is appropriate against the Committee and the Plan.

However, Plaintiff has not alleged—and there is no indication in the Plan—that either Defendant T. Rowe or Karen Orso Anderson exercise any control over the administration of the Plan. T. Rowe contends that it is a non-discretionary recordkeeper that acts solely at the direction of the Committee. The Fifth Circuit has held that the performance of "mechanical administrative tasks" without discretion is insufficient to create liability for denial of a benefits claim.[18] In addition, there is no indication that Karen Orso Anderson, as a Plan beneficiary, had any control over the administration of the Plan. Accordingly, Plaintiff's ERISA claims against Defendants T. Rowe and Karen Orso Anderson are dismissed.

Plaintiff "has the initial burden of demonstrating entitlement to benefits under an ERISA plan."[19] The facts pleaded by Plaintiff in her Complaint and Amended Complaint, however, belie any entitlement to benefits. Plaintiff admits that the language of the Plan unambiguously declares the participant's surviving spouse to be the beneficiary unless a waiver is executed. Plaintiff admits that Defendant Karen Orso Anderson was the participant's surviving spouse and that she refused to consent in writing to waive her rights to the Plan account. Accordingly, based on the plain language of the Plan and the

---

[17] Doc. 25-2 at 71–72.

[18] *LifeCare Mgmt. Servs. LLC*, 703 F.3d at 845. The Fifth Circuit recently held that T. Rowe is not a fiduciary under similar circumstances. LeBoeuf v. Entergy Corp., No. 24-30583, 2025 WL 1262414, at *4 (5th Cir. May 1, 2025).

[19] *LifeCare Mgmt. Servs. LLC*, 703 F.3d at 845.

undisputed facts, Karen Orso Anderson is the proper beneficiary under the Plan. Fiduciaries are required to discharge their duties with respect to a plan "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA]."[20] Indeed, even ERISA itself contemplates such a result as set forth in 29 U.S.C. § 1055 and specifically provides protections for surviving spouses.[21] Further, Plaintiff and decedent had a duty to inform themselves regarding the Plan terms, and the fiduciaries are not liable for their confusion.[22]

Plaintiff's argument appears to rely on her belief that this result is inequitable and contrary to the decedent's wishes. Even assuming the facts alleged on these points are true, however, the result is the same. The Plan administrator acted in compliance with the Plan terms, and this Court therefore cannot say that it abused its discretion. This Court also cannot, as Plaintiff suggests, decide who is most deserving of the amount at issue.[23] Finally, this Court does not have the power to rewrite the Plan or the appeals process. "A court is not free to re-write statutory text even when equitable

---

[20] 29 U.S.C. § 1104(a)(1)(D).

[21] *See id.* § 1055; Boggs v. Boggs, 520 U.S. 833, 843 (1997) ("While some individual account plans escape § 1055's surviving spouse annuity requirements under certain conditions, Congress still protects the interests of the surviving spouse by requiring those plans to pay the spouse the nonforfeitable accrued benefits, reduced by certain security interests, in a lump-sum payment."); *LeBoeuf*, 2025 WL 1262414, at *4 (affirming dismissal of breach of fiduciary claims in a factually similar case); Doc. 25-3 (benefit denial letter explaining relevant ERISA provisions).

[22] *LeBoeuf*, 2025 WL 1262414, at *5.

[23] Doc. 23 at 7.

considerations may support a different result."[24] Accordingly, Plaintiff cannot state a claim for wrongful denial of ERISA benefits against the Plan or the Committee based on the undisputed facts alleged, and amendment of her Complaint would be futile.

### B. State Tort Claims

Plaintiff's Complaint also sets forth a claim under state tort law for mental anguish damages. Defendants the Plan, the Committee, and T. Rowe argue that ERISA preempts these claims against them. Indeed, ERISA preempts state law claims that "relate to" an ERISA plan.[25] "The Supreme Court has held that a state law 'relates to' an employee benefit plan under § 1144(a) 'if it has a connection with or reference to such a plan.'"[26] Here, any claims that Plaintiff intends to pursue against the Plan, the Committee, or T. Rowe arise out of the claims handling process. Plaintiff therefore cannot bring a state law claim for mental anguish caused by her pursuit of Plan benefits against those Defendants.[27]

Even so, Plaintiff's allegations relating to emotional distress predominately reference actions taken by Defendant Karen Orso Anderson

---

[24] *In re* Chandni, LLC, 570 B.R. 530, 532 (Bankr. W.D. La. 2017).

[25] 29 U.S.C. § 1144(a).

[26] Light v. Blue Cross & Blue Shield of Alabama, Inc., 790 F.2d 1247, 1249 (5th Cir. 1986) (quoting Shaw v. Delta Airlines, Inc., 463 U.S. 85, 96–97 (1983)).

[27] Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004) (stating that where a party has a claim under ERISA § 502(a)(1)(B) "and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)").

after the death of Shannon Anderson and during the funeral and succession proceedings. These allegations are not "related to" the ERISA plan and are therefore not preempted. Defendant Karen Orso Anderson has not set forth any argument for the dismissal of Plaintiff's state law tort claim against her.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Motions are **GRANTED**. Plaintiff's ERISA claims against all Defendants are **DISMISSED WITH PREJUDICE**. Plaintiff's state law tort claims against Defendants Savings Plan of Entergy Corporation and Subsidiaries, Entergy Employee Benefits Committee, and T. Rowe Price Retirement Plan Services, Inc. are **DISMISSED WITH PREJUDICE**. Only Plaintiff's state law claim for mental anguish against Karen Orso Anderson remains.

New Orleans, Louisiana this 4th day of March, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**