**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MELISSA ANNE ANDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-2097** |
| **ENTERGY CORPORATION ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Defendant Karen Orso Anderson's Motion to Dismiss (Doc. 19); and Plaintiff Melissa Anne Anderson's Motion for Leave to Amend (Doc. 32) and Motion for Status Conference and Attorney (Doc. 42). For the following reasons, Defendant's Motion is **GRANTED**; and Plaintiff's Motions are **DENIED**.

## BACKGROUND

This matter initially arose from a dispute regarding the proper beneficiary of a 401(k) plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff Melissa Anne Anderson is the ex-wife of the deceased, Shannon Anderson. Defendant Karen Orso Anderson was Mr. Anderson's wife of four months at the time of his death. Plaintiff, proceeding *pro se*, initially brought a claim under ERISA against Savings Plan of Entergy Corporation and Subsidiaries, Entergy Employee Benefits Committee, and T. Rowe Price Retirement Plan Services, Inc., alleging that she, not Defendant, was the proper beneficiary to the decedent's 401(k) benefits. This Court

1

dismissed Plaintiff's ERISA claims, holding that under the plain terms of the 401(k) Plan, Defendant Karen Orso Anderson was the proper beneficiary. Following that dismissal, Plaintiff's only remaining claim was a state law tort claim for intentional infliction of emotional distress against Defendant Karen Orso Anderson.

Defendant now moves for dismissal of the remaining claim against her. She argues that Plaintiff has not alleged sufficient facts to support a claim for intentional infliction of emotional distress under Louisiana law. Plaintiff opposes and also moves for various forms of relief, including amending her complaint, a status conference, and the appointment of an attorney.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] Id.

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] Iqbal, 556 U.S. at 678.

[5] Id.

2

an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

Defendant moves for dismissal of the intentional infliction of emotional distress ("IIED") claim against her, arguing that Plaintiff has not alleged sufficient facts to succeed on such a claim. To recover for an IIED claim, "a plaintiff must establish that: (1) the conduct of the defendant was extreme and outrageous; (2) the emotional distress suffered by the plaintiff was severe; and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct."[8] To succeed on this claim, "[t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[9] "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."[10] "The second element of intentional infliction of emotional distress requires Plaintiff to

---

[6] *Lormand*, 565 F.3d at 255–57.

[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[8] White v. Monsanto, 585 So. 2d 1205, 1209 (La. 1991).

[9] *Id.*

[10] *Id.*

prove symptoms of emotional distress like neuroses, psychoses, chronic depression, phobia, and shock."[11]

The allegations of Plaintiff's Complaint do not satisfy the elements of an IIED claim. Plaintiff alleges only that Defendant refused to sign a waiver of her right to collect the decedent's 401(k) benefits despite it being the decedent's wish that the amount go to Plaintiff and their sons. Plaintiff also alleges that Defendant acted maliciously during the succession and funeral preparations. These allegations do not rise to the level of "extreme and outrageous." Further, Plaintiff alleges only vaguely that she and her sons suffered mental anguish as a result of the situation.[12]  Plaintiff does not allege any specific symptoms of severe emotional distress. Accordingly, Plaintiff's Amended Complaint fails to state an IIED claim against Defendant.

Having found that Plaintiff has not sufficiently pleaded a claim, the Court must consider whether she should be given leave to amend her Complaint as she has requested.[13] Federal Rule of Civil Procedure 15(a)(2) "*requires* courts 'freely give leave [to amend] when justice so requires.'"[14] The Fifth Circuit has held that courts "may not dismiss a complaint under [R]ule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of

---

[11] Wilson v. Ochsner Clinic Found., No. CV 19-12314, 2019 WL 5693109, at *7 (E.D. La. Nov. 4, 2019) (citation modified).

[12] Although Plaintiff alleges that one of her sons died by suicide, she does not relate his death to Defendant's actions. Further, she appears to bring claims only on her own behalf.

[13] Plaintiff first moved for leave to amend her complaint if Defendant's Motion to Dismiss was granted (Doc. 32). Later, she moved to file an amended complaint and attached a proposed Second Amended Complaint (Doc. 37). That Motion was denied by the magistrate judge who held that amendment would be futile (Doc. 43).

[14] Carver v. Atwood, 18 F.4th 494, 498 (5th Cir. 2021) (quoting FED. R. CIV. PRO. 15).

facts in support of his claim which would entitle him to relief.'"[15] The Fifth Circuit has stated that "denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile"—that is, if the amended complaint would fail to survive a motion to dismiss.[16]

In considering this standard, the Court turns to the allegations of Plaintiff's proposed Second Amended Complaint to determine whether Plaintiff can add allegations to her Complaint that are sufficient to state a claim.[17] In her proposed Second Amended Complaint, Plaintiff contends that Defendant engaged in repeated conduct that, over time, became extreme and outrageous.[18] She contends that Defendant knew that she was in a fragile

---

[15] Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).

[16] Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014) (citing Briggs v. Mississippi, 331 F.3d 499, 508 (5th Cir. 2003)).

[17] The magistrate judge has already denied Plaintiff's Motion to Amend Complaint based on these allegations, holding that the amendment would be futile because Plaintiff's allegations do not state a claim. Doc. 43.

[18] See Bustamento v. Tucker, 607 So. 2d 532, 538 (La. 1992) (explaining that repeated conduct which, viewed as an isolated incident, would not be outrageous, can become such when repeated over a period of time).

emotional state during this time because of the deaths of her ex-husband and son. She alleges the following acts by Defendant:

1. Denying Plaintiff access to the decedent's funeral and threatening her with arrest if she attended;[19]

2. Excluding Plaintiff and her sons from decisions involving the funeral and refusing to include pictures of one of Plaintiff's sons in the obituary;

3. Refusing to pay funeral expenses;

4. Interfering with Plaintiff's ability to emotionally support her children following their father's death;

5. Impersonating Plaintiff and fraudulently communicating with third parties to obtain financial, employment, and benefit information;

6. Posting images to social media intended to upset Plaintiff;

7. Developing a new relationship with Plaintiff's granddaughter and her mother after the decedent's death, including attending the

---

[19] *See* Kok v. Harris, 563 So. 2d 374, 377 (La. App. 1 Cir. 1990) (holding that the plaintiffs had not stated an IIED claim for surviving spouse's refusal to delay the funeral for an hour, especially since the surviving spouse had the legal right to control the disposition of remains).

granddaughter's sporting events and making social media posts regarding her attendance;

8. Taking control of decedent's home after his death and disregarding the rights of Plaintiff's children to the residence, including access to their father's personal belongings and sentimental items;

9. Removing items from decedent's home while his children were away;

10. Demanding the decedent's phone, wallet, keys and safe immediately after his death;

11. Threatening to have Plaintiff arrested if she visited the decedent's home;

12. Contesting the competency of Plaintiff's and decedent's son in the succession proceeding;

13. Making false representations regarding certain funds during the succession proceeding;

14. Tossing sentimental items and photographs into a dumpster in view of family;

15. Claiming that Plaintiff's son was being difficult in the succession proceeding while actively contesting him; and

16. Appearing in court with former friends of Plaintiff and appearing socially with decedent's longtime attorney and friend.[20]

The Court finds that these allegations, although certainly hostile and unkind, do not rise to the level of "extreme and outrageous" to state a claim for IIED under Louisiana law. Unfortunately, Plaintiff's allegations are not unlike many other contentious family disputes following divorce, remarriage, and

---

[20] Doc. 37-1.

succession. In addition, many of the complained-of acts were well within Defendant's rights as the decedent's surviving spouse.[21] Plaintiff's allegations simply are not in line with the "truly outrageous" allegations that Louisiana courts have held state an IIED claim.[22] Further, Plaintiff does not establish, beyond conclusory allegations, that Defendant took these actions with the intent to cause her severe emotional distress. "The mere fact that the actor knows that the other will regard the conduct as insulting, or will have his feelings hurt, is not enough. The actor's conduct must be intended or calculated to cause severe emotional distress and not just some lesser degree of fright, humiliation, embarrassment, worry or the like."[23] Accordingly, the Court finds that even considering Plaintiff's proposed amended complaint, Plaintiff still fails to state a claim for IIED against Defendant. Plaintiff's request to amend her Complaint is denied because further amendment would be futile.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's remaining claim against her is **DISMISSED WITH PREJUDICE**. Plaintiff's Motion to Amend is **DENIED** (Docs. 32). Plaintiff's

---

[21] "Louisiana courts have previously indicated that the existence of a legal right to take the action complained of may be a defense to a claim for intentional infliction of mental distress." *Kok*, 563 So. 2d at 377.

[22] *See* Simmons v. State, Dep't of Child. & Fam. Servs., 171 So. 3d 1147, 1153 (La. App. 4 Cir. 2015) (holding that the plaintiffs had stated an IIED claim where the coroner's office lost their deceased child's body and then cremated and buried the body without notifying the family); Dietz v. Dietz, 165 So. 3d 342, 363 (La. App. 3 Cir. 2015) (awarding damages for IIED when ex-wife took children to Mexico and did not allow father to speak to them and engaged in a "scorched earth" campaign to defame and extort father, including extreme tactics such as death threats, a drive-by shooting, and theft of confidential documents).

[23] Perrone v. Rogers, 234 So. 3d 153, 158 (La. App. 1 Cir. 2017).

Motion for Status Conference and Attorney is **DENIED AS MOOT**. This matter is dismissed and administratively closed.

New Orleans, Louisiana this 16th day of July, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

9